**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Teamsters Union Local No. 710** | : | |
| **Health & Welfare Fund, by and through its** | : | **Civil Action** |
| **Board of Trustees, Samuel D. Pilger, Gary F.** | : | |
| **Caldwell, John T. Coli, Stephanie Brinson, and** | : | **No. _____** |
| **Daniel Hoyer,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Union Local No. 710** | : | |
| **Pension Fund, by and through its** | : | |
| **Board of Trustees, Samuel D. Pilger, Gary F.** | : | |
| **Caldwell, John T. Coli, Stephanie Brinson, and** | : | |
| **Daniel Hoyer,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Southern Wine & Spirits of Illinois, Inc.** | : | |
| | : | |
| **Defendant** | : | |

_____

## COMPLAINT

## INTRODUCTION

Plaintiffs bring this action against Defendant pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek an order directing Defendant to pay delinquent contributions currently due and owing and that may become due during the pendency of this litigation plus interest, liquidated damages, attorneys' fees and costs and any other amounts permitted in equity or by law.

## JURISDICTION AND VENUE

1.      Plaintiffs invoke the jurisdiction of this Court pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); and sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1) and (2) and 1145.

2.      Plaintiffs and Defendant in this action are both headquartered in the Northern District of Illinois. Therefore, jurisdiction in the U.S. District Court for the Northern District of Illinois is appropriate.

3.      Venue is proper in this District pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff TEAMSTERS UNION LOCAL NO. 710 PENSION FUND (the "Pension Fund") is a jointly administered multi-employer retirement plan within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5); and sections 3(2)(A) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A) and 1002(37)(A).  The Pension Fund receives contributions from employers that are parties to the Collective Bargaining Agreements ("CBA") with the Teamsters Union Local No. 710 ("Teamsters Union").  The CBAs obligate signatory employers to make contributions to the Pension Plan. The Pension Fund's business address is 9000 West 187th Street, Mokena, Illinois.

5.      Plaintiff TEAMSTERS UNION LOCAL NO. 710 HEALTH AND WELFARE FUND (the "Health and Welfare Fund") is a jointly administered multi-employer employee benefit plan within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5); and sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1)(A) and 1002(37)(A). The Health and Welfare Fund receives contributions from employers that are parties to the Collective

2

Bargaining Agreements ("CBA") with the Teamsters Union Local No. 710. The CBAs obligate signatory employers to make contributions to the Pension Plan. The Health and Welfare Fund's business address is 9000 West 187th Street, Mokena, Illinois.

6. Both the Pension Fund and the Health and Welfare Fund (collectively "Plaintiff Funds") operate pursuant to the terms and provisions of certain Restated Agreements and Declarations of Trust ("Trust Agreement"), are administered by a Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exist for the exclusive purpose of providing retirement, health, and welfare benefits to its participants and their beneficiaries and defraying the reasonable expenses of administering the Plaintiff Funds in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The Trust Agreement for the Pension Fund and Health and Welfare Fund are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

7. Plaintiffs Samuel D. Pilger, Gary F. Caldwell, John T. Coli, Sr., Stephanie Brinson and Daniel Hoyer (collectively the "Trustees") are the Trustees for both Plaintiff Funds. The Trustees are fiduciaries of the Plan as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Trustees' business address as Trustees of the Plaintiff Funds is 9000 W. 187th Street, Mokena, Illinois 60448.

8. Defendant Southern Wine & Spirits of Illinois, Inc. ("SWS" or "Defendant") is a corporation engaged in the business of distributing wine and spirits in the State of Illinois. SWS is an employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a); and section 3(5) of ERISA, 29 U.S.C. § 1002(5). SWS's principal place of business is located at 300 East Crossroads Parkway, Bolingbrook, Illinois 60440.

3

## RELATIONSHIP OF PARTIES

9.     On or about January 2, 2010, SWS executed a Collective Bargain Agreement ("CBA") with Teamsters Union, the terms of which extend from April 1, 2009 through March 31, 2011 (the "2009-2011 CBA"). **Exhibit C**. On or about March 9, 2012, SWS executed a successor CBA with the Teamsters Union covering the period beginning April 1, 2011 through March 31, 2014 (the "2011-2014 CBA"). **Exhibit D.** At all relevant times SWS was bound by the CBAs which include, *inter alia*, obligations to contribute to the Pension and Health and Welfare Funds on behalf of their Teamsters Union employees. *See Ex. C Art. 16; Ex. D Art. 16.*

## DEFENDANT'S CONTRIBUTION OBLIGATION

### Collective Bargaining Agreement Obligations

10.     Article 16 of the CBAs sets forth SWS's obligation to contribute to the Plaintiff Funds. *See Ex. C Art. 16; Ex. D Art. 16.*

11.     The Trust Agreement for each Plaintiff Fund, at section 6.050, provides for interest to be assessed on all delinquent contributions. *See Ex. A § 6.050 and B § 6.050.*

12.     The Trust Agreement for each Plaintiff Fund, at section 6.050, provides for the recovery of all expenses of collection of delinquent contributions incurred by the funds, including reasonable attorneys' fees and costs. *Id.*

13.     The Trust Agreement for each Plaintiff Fund, at section 6.051, provides that additional liquidated damages are due in the amount of (1) interest due or (2) 20% of unpaid contributions, whichever is greater. *See Ex. A § 6.051 and B § 6.051.*

13.     Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the

4

terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

14. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[i]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate."

15. A trustee has the duty to determine the contributions owed to the plan as well as a responsibility to assure full and prompt collection of all contributions owed to the plan. *See ERISA, 29 U.S.C. § 1104.*

## COUNT I
## Unpaid Contributions – Pension Fund

16. Plaintiffs incorporate by reference paragraphs 1 through 15 above as though fully set forth herein.

17. Pursuant to the CBAs, which were executed by SWS, SWS is obligated to pay contributions to the Pension Fund on behalf of all employees performing bargaining unit work.

18. Pursuant to payroll audits jointly conducted by the Plaintiff Funds in 2014 (the "Audit"), for the period beginning January 1, 2011 and through December 31, 2013, as of October 31, 2016, Defendant is delinquent on its contributions to the Pension Fund in the

amount of $30,683.00. A copy of the Audit summary is attached hereto as **Exhibit E** (redacted for personal and confidential information).

19.     As of October 31, 2016, interest on said delinquent contributions to the Pension Fund totaled $8,307.46. Interest continues to accrue until the contributions are paid in full. A copy of the updated calculated interest through to October 31, 2016 for the Pension Fund is attached hereto as **Exhibit F.**

20.     Additionally, SWS owes liquidated damages to the Pension Fund in the amount of $8,307.46. *See Ex. A § 6.051; 29 U.S.C. § 1132(g)(2)(C)*. Liquidated damages may increase if and when the interest due on the delinquent contributions begins to exceed this amount. *See id.* (providing that liquidated damages shall be either (a) 20% of delinquent contributions or (b) the interest due thereon, whichever is greater).

21.     Pursuant to Section 6.051 of *Exhibit A* and 29 U.S.C. § 1132(g)(2)(D), is obligated to reimburse the Plaintiff Pension Fund the audit fees, attorneys' fees and  costs that the Funds continues to incur.

22.     Plaintiff has demanded payment of the amounts owed, but Defendant has failed and/or refused to pay the contributions.

23.     The Pension Fund has been economically harmed by Defendant's failure to make contribution payments as required by the CBAs and the Trust Agreement.

24.     Defendant's failure and refusal to pay contributions to the Pension Fund as required in the CBAs violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** Plaintiff Pension Fund prays that the Court grant the following relief:

(a)        That the Court enter judgment in favor of the Plaintiff and against Defendant, and that Defendant be ordered to pay all contributions owed to the

Pension Fund, plus interest, liquidated damages, audit fees, and reasonable attorney's fees and costs;

(b)       That the Court enter judgment in favor of the Plaintiff and against Defendant for any additional contribution amounts that may be found due and owing to the Pension Fund during the pendency of this litigation, together with interest, liquidated damages, audit fees, reasonable attorney's fees and costs; and

(c)       That the Court order such other relief that the Court deems just and appropriate.

## COUNT II
## Unpaid Contributions – Health and Welfare Fund

25.       Plaintiffs incorporate by reference paragraphs 1 through 24 above as though fully set forth herein.

26.       The Audit also revealed that Defendant is delinquent on its contributions to the Health and Welfare Fund for the period beginning January 1, 2011 through December 31, 2013, in the amount of $30,428.90 as of August 26, 2016. *See Ex. E.*

27.       As of October 31, 2016, interest on said delinquent contributions to the Health and Welfare Fund totaled $8,047.94**.** Interest will continue to accrue until the contributions are paid in full. A copy of the updated calculated interest through October 31, 2016 for the Health and Welfare Fund is attached hereto as **Exhibit G.**

28.       Additionally, for said delinquent contributions to the Health and Welfare Fund, Defendant owes liquidated damages to the   Health and Welfare Fund in the amount of $8,047.94. *See Ex. B § 6.051; 29 U.S.C. § 1132(g)(2)(C).* Liquidated damages may increase if and when the interest due on the delinquent contributions begins to exceed this amount. *See id.*

7

(providing that liquidated damages shall be either (a) 20% of delinquent contributions or (b) the interest due thereon, whichever is greater).

29.     Pursuant to Section 6.051 of *Exhibit B* and 29 U.S.C. § 1132(g)(2)(D), Defendant is required to reimburse the Fund for the audit fees, attorneys' fees and costs that the Fund continues to incur to collect the contributions owed.

30.     The Health and Welfare Fund has demanded payment of the amounts owed, but Defendant has failed and/or refused to pay the contributions.

31.     The Health and Welfare Fund has been economically harmed by Defendant's failure to make contribution payments as required by the CBAs and the Trust Agreement.

32.     Defendant's failure and refusal to pay contributions to the Health and Welfare Fund as required in the CBAs violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the Health and Welfare Fund prays that the Court grant the following relief:

(a)     That the Court enter judgment in favor of the Plaintiff and against Defendant, and that Defendant be ordered to pay all contributions owed to the Health and Welfare Fund, plus interest, liquidated damages, audit fess, and reasonable attorney's fees and costs;

(b)     That the Court enter judgment in favor of the Plaintiff and against Defendant for any additional contribution amounts that may be found due and owing to the Health and Welfare Fund during the pendency of this litigation, together with interest, liquidated damages, audit fees, reasonable attorney's fees and costs; and

(c)     That the Court order such other relief that the Court deems just and appropriate.

8

Respectfully submitted,


WILLIG, WILLIAMS & DAVIDSON

_ s/ Linda M. Martin_____
LINDA M. MARTIN, ESQUIRE
*Lead Counsel*
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office          (215) 656-3665
Facsimile       (215) 561-5135
Email           lmartin@wwdlaw.com


ILLINOIS ADVOCATES, LLC

__ s/  William Tasch_____
WILLIAM TASCH, ESQUIRE
77 W. Washington, Suite 2120
Chicago, IL  60602
Office          (312) 346-2052
Facsimile       (312) 492-4804
W. Tasch Email   William.Tasch@iladvocates.com

ILLINOIS ADVOCATES, LLC

__ s/  Cara M. Anthaney_____
CARA M. ANTHANEY, ESQUIRE
77 W. Washington, Suite 2120
Chicago, IL  60602
Office          (312) 346-2052
Facsimile       (312) 492-4804
Email   cara.anthaney@iladvocates.com


*Counsel to Plaintiffs*


Dated:  **October 31, 2016**